JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Tyrone Jackson, appeals his felony theft conviction. After a thorough review of the record, and for the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 {¶ 2} On June 16, 2006, appellant was indicted on two counts of robbery, with notices of prior conviction and repeat violent offender specifications, under R.C. 2911.02. A bench trial began on February 15, 2007. The trial court found appellant guilty of Count One, aggravated theft, a fifth degree felony, under R.C. 2913.02. Appellant's Crim.R. 29 motion on the second count was granted. On February 20, 2007, the trial court sentenced appellant to one year of community control sanctions.
 {¶ 3} This appeal involves an incident, which occurred on May 1, 2006, when appellant accused his grandmother, Cleo McCauley ("the victim"), of stealing his SSI check. The victim informed appellant that she did not have his check, which resulted in appellant grabbing her purse. Witnesses, including the victim's landlord, Gregory Pruitt, chased appellant after he fled the scene with the purse, but were unable to apprehend him. Pruitt told the police that he saw appellant arguing with the victim about the check and saw him take the purse.
 {¶ 4} A few blocks away, several people apprehended appellant. The victim's purse was returned to her. The police arrested appellant, who explained that he took the purse because the victim had stolen his check. *Page 4 
 {¶ 5} The victim testified that she thought some money had been stolen from her purse, but she was unsure how much. Twice, the victim was asked whether there were credit cards in the purse when appellant took it:
 {¶ 6} "Q: Okay. Do you remember having anything like credit cards?
 {¶ 7} "A: No. I had them, a few additional credit cards, but I had taken out the credit cards before them (sic)." (Tr. 29.)
 {¶ 8} "Q: Any credit cards in that purse that was taken?
 {¶ 9} "A: No. It was credit cards in there, and they didn't take the credit cards." (Tr. 41.)
 {¶ 10} Appellant brings this appeal, asserting two assignments of error for our review.
 Sufficiency/Manifest Weight of the Evidence {¶ 11} "I. The trial court erred in finding appellant Tyrone Jackson guilty of a fifth degree felony theft because the evidence did not support the court's conclusion of guilty or that the purse in question contained credit cards."
 {¶ 12} Appellant argues that his conviction was supported by insufficient evidence and that the conviction was against the manifest weight of the evidence.
 {¶ 13} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, citing Jackson v.Virginia (1979), 443 U.S. 307. *Page 5 
 {¶ 14} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the trier of fact as to the weight and sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v.DeHass (1967), 10 Ohio St.2d 230. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259; Jackson v. Virginia (1979),443 U.S. 307.
 {¶ 15} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City ofCleveland (1948), 150 Ohio St. 303, 345.
 {¶ 16} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held inTibbs that, unlike a reversal based *Page 6 
upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v.Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 17} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 18} Under R.C. 2913.02(A)(1), "no person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either property or services * * * without the consent of the owner." Under R.C. 2913.02(B)(1), "whoever violates this section is guilty of theft." If the property stolen is a credit card, misdemeanor theft rises to the level of a fifth degree felony. R.C. 2913.02(B)(2),2913.71(A).
 {¶ 19} Appellant presents two arguments in support of his contention that his conviction was not supported by sufficient evidence. First, he argues that there is insufficient evidence to meet the elements of theft. Second, he argues that there is *Page 7 
insufficient evidence to elevate the crime from a misdemeanor to a felony because the victim testified inconsistently about whether the purse contained credit cards. Finally, he argues that his conviction was against the manifest weight of the evidence.
 Theft (R.C. 2913.02) {¶ 20} Sufficient evidence exists that appellant, without permission, knowingly obtained control over the victim's purse with the purpose to deprive her of her property. The victim testified that appellant took her purse off her lap without her permission. Pruitt testified that he chased appellant after he saw him with the victim's purse. Officer Jonathan Dayton testified that appellant admitted to him that he had taken the purse from the victim. Although appellant told Officer Dayton that he took the purse under the belief that the victim had his check, that justification is irrelevant to the element of knowingly obtaining control without consent. A review of the evidence shows that there was clearly sufficient evidence to convict appellant of theft.
 {¶ 21} Appellant's conviction of theft was not against the manifest weight. There was testimony from numerous witnesses, including the victim, that appellant took the victim's purse without permission. The victim and Pruitt testified that witnesses chased appellant while appellant held the purse. Further, Officer Dayton testified that appellant took the victim's purse. The trial judge, as the trier of fact, heard this testimony and determined that the evidence favored the state. Therefore, *Page 8 
we cannot say that the trier of fact clearly lost its way. A review of the evidence shows that appellant's theft conviction was not against the manifest weight.
 Existence of Credit Card (R.C. 2913.71(A)) {¶ 22} Having found that appellant was properly convicted of theft, we need to determine whether elevating the misdemeanor theft to felony theft was supported by sufficient evidence. If the property stolen is a credit card, misdemeanor theft rises to the level of a fifth degree felony. R.C. 2913.02(B)(2); R.C. 2913.71(A).
 {¶ 23} Appellant argues that there was insufficient evidence, and it was against the manifest weight of the evidence, that the purse contained credit cards because the victim provided seemingly conflicting testimony on that issue. Throughout the trial, it was apparent that the victim, because she was hard of hearing, had extreme difficulty hearing the proceedings. Frequently, questions had to be repeated or the victim answered questions inappropriately because she had misheard the question. Although appellant argues that this conflicting testimony raises questions about the victim's credibility, credibility is a manifest weight issue, not a sufficiency issue.
 {¶ 24} On appellate review, we must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259. Viewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could not have found the existence of credit cards proven beyond a reasonable doubt because the victim *Page 9 
testified inconsistently about the credit cards, and she never testified as to the type or number of credit cards that existed.
 {¶ 25} Finally, appellant argues that it was against the manifest weight of the evidence to find that there were credit cards in the victim's purse. More specifically, he argues that it was against the manifest weight to rely on only one statement made by the victim in support of the fact that there were credit cards in the purse.
 {¶ 26} In State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442,64443, the court adopted the guidelines set forth in State v.Mattison (1985), 23 Ohio App.3d 10, syllabus, that we should consider in determining if the conviction was against the manifest weight. These factors, include: "knowledge that even a reviewing court is not required to accept the incredible as true; whether evidence is uncontradicted; whether a witness was impeached; attention to what was not proved; the certainty of the evidence; the reliability of the evidence; the extent to which a witness may have a personal interest to advance or defend their testimony; and the extent to which the evidence is vague, uncertain, conflicting or fragmentary." Id.
 {¶ 27} We find several of those factors applicable here. The victim contradicted the evidence. First, she testified that there were no credit cards, then she testified that there were credit cards. Further, the evidence is vague and uncertain because the state never offered any evidence or testimony as to what kind of credit cards, or how many credit cards, were in the purse. *Page 10 
 {¶ 28} Although we find that there was sufficient evidence, and it was not against the manifest weight of the evidence, to convict appellant of theft, we also find that there was insufficient evidence, which was against the manifest weight of the evidence, to elevate appellant's theft conviction to a felony. Accordingly, appellant's first assignment of error is sustained in part and overruled in part.
 Failure to Provide Discovery {¶ 29} "II. The trial court erred in allowing witness testimony over defense counsel's objection that he did not receive discovery from the state of Ohio."
 {¶ 30} Appellant argues that the trial court erred when it allowed the state's witness, Gregory Pruitt, to testify. More specifically, he alleges that defense counsel did not receive discovery from the state; therefore, the witness should be precluded from testifying. This argument is without merit.
 {¶ 31} Under Crim.R. 16(B)(1)(e), the state must furnish the defendant a list of witnesses it intends to call at trial. Under Crim.R. 16(E)(3), if a party fails to comply with this rule, "the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing into evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 32} In State v. Czajka (Mar. 6, 1995), Cuyahoga App. No. 66323, this court held that "a trial court does not abuse its discretion by permitting the testimony of an undisclosed witness if it can be shown that the failure to provide discovery was not *Page 11 
willful, that foreknowledge of the statement would not have benefitted the defendant in preparation of the defense, and that the defendant was not prejudiced by the admission of the evidence."
 {¶ 33} After review of the record, it appears that the state did not provide appellant with a list of witnesses it intended to call at trial; however, under Czajka, we find that appellant was not prejudiced by the admission of Pruitt's testimony. It does not appear that the state's failure to provide discovery was willful. The transcript shows that the state thought it had provided that piece of discovery and had a copy at trial. Foreknowledge of the testimony would not have benefitted appellant's defense preparation because appellant knew that Pruitt was at the scene of the incident and had chased him. Finally, it does not prejudice appellant to admit the testimony because the victim's testimony alone established that appellant knowingly took her purse without permission. The outcome of the trial would have been the same even if Pruitt's testimony had been excluded. Accordingly, appellant's second assignment of error is overruled.
 {¶ 34} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and COLLEEN CONWAY COONEY, J., CONCUR. *Page 1